# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID BRIGHTWELL,

    Plaintiff,

    v.

Civil Action No.:  RDB-20-2510

ALLEN GANG, *Warden*,
TRUITT, *Case Manager*,
MS. DUNSKIN,
MS. SWAN,
SGT. SELLMAN,
COMMISSIONER OF CORRECTION,
F. TODD TAYLOR,
SANDRA HOLMES, *Administrative Officer II*

    Defendants.

## MEMORANDUM OPINION

Self-represented Plaintiff David Brightwell, a state prison inmate, brought this civil action pursuant to 42 U.S.C. § 1983 against Warden Allen Gang, Case Managers Truitt, Dunskin, and Swan, Sgt. Sellman, the Commissioner of Correction,[1] Executive Director F. Todd Taylor, Jr., and Administrative Officer II Sandra Holmes, asserting violations of his constitutional rights arising from Defendants' alleged failure to make photocopies of documents.  He alleges that these documents were necessary for him to file a Petition for Writ of Certiorari in the Maryland Court of Appeals with respect to the denial of his Motion to Reopen Postconviction Proceedings.  ECF No. 1.  As relief, he seeks monetary damages and injunctive and declaratory relief.  *Id.*

On April 26, 2021, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment supported by an exhibit.  ECF No. 21.  On September 14, 2021, Brightwell

---

[1] Brightwell has not provided a name for the Commissioner of Correction. Annie D. Harvey is the current Commissioner of Correction for the Maryland Department of Public Safety and Correctional Services.

filed a response in opposition.  ECF No. 28.  A hearing is not necessary.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons explained below, the Court will GRANT the Motion to Dismiss with respect to the Defendants Swan, Dunskin, and Truitt as Brightwell has failed to exhaust his administrative remedies with respect to any claims against those three Defendants.  Furthermore, this Court will GRANT the Motion for Summary Judgment as to the Defendants Gang, Taylor, Holmes, Sellman, and the Commissioner of Correction and judgment shall be entered in their favor.[2]

## Background

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).  The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defense v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007).

To the extent that this Court considers matters outside of the pleadings the motion may be treated as one for summary judgment.  *Adams Hous., LLC v. The City of Salisbury, Maryland*, 672 F. App'x. 220, 222 (4th Cir. 2016) (per curiam).  In this case, summary judgment shall be entered for some of the Defendants while as to others the claims of the Plaintiff must be dismissed for failure to exhaust administrative remedies.

---

[2] Defendants' dispositive submission as to Defendants Gang, Taylor, Holmes, Sellman, and the Commissioner of Correction will be treated as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56 because materials outside the original pleadings have been considered.  *See Bosiger v. U.S. Airways*, 510 F. 3d 442, 450 (4th Cir. 2007).

**Brightwell's Allegations**

Brightwell states that on November 14, 2018, he moved to reopen his state post-conviction proceedings raising a number of claims of ineffective assistance of trial, appellate, and post-conviction counsel, as well as a claim that trial counsel, the prosecutor, and judges who handled his state criminal proceedings, conspired to convict him "because they were all jews". ECF No. 1, pp. 5-8, 12. On February 15, 2019, Brightwell's Motion to Reopen was denied. *Id.*, p. 8. Brightwell's application for leave to appeal was denied on June 14, 2019. *Id.* Thereafter, Brightwell filed a Petition for Writ of Certiorari in the Maryland Court of Appeals and was given until October 31, 2019 to present his petition. *Id.*

On October 21, 2019, Brightwell spoke to Dunskin and Swan regarding his need for unspecified copies of paperwork to be filed in the Maryland Court of Appeals. ECF No. 1, p. 8. On October 21, 22, 23, and 24, 2019, Brightwell "addressed requests to Case Manager Truitt of needing copies for the Court of Appeals." *Id.*, p. 9. Brightwell states that Division of Correction policy provides that prison staff are to make copies for indigent inmates such as himself and that the Jessup Correctional Institution Inmate Orientation Handbook provides that indigent inmates should request copies from their assigned case manager. *Id.*, p. 10. Brightwell states that he complied with the policy but was nevertheless not provided the copies. *Id.*

Brightwell claims that because Defendants failed to make copies for him he was unable to make copies of his petition, transcripts, and exhibits for the Maryland Court of Appeals and on January 24, 2020, his petition was denied. ECF No. 1, p. 9. He states that had he been able to provide the information to the Court of Appeals it "would have gotten him released proving his out-right innocence rather than a new trial…." *Id.*, p. 10.

He alleges that Warden Gang, the Commissioner of Correction, Executive Director Taylor

3

and Administrative Officer Sandra Holmes did "not take action to curb the actions of all other defendants…"  ECF No. 1, p. 18.

On October 25, 2019, Brightwell filed a Request for Administrative Remedy ("ARP") against Truitt, Dunskin, and Swan.  ECF No. 1, p. 9; ECF No. 1-1, p. 11.  The ARP was received by Sellman on October 28, 2019.  ECF No. 1-1, p. 11.  Brightwell states that the ARP was ignored. ECF No. 1, p. 9.  In response to Defendants' contention that he failed to exhaust his administrative remedies, Brightwell argues that when Defendants failed to process this ARP, the ARP process became unavailable to him.  ECF No. 28, p. 18.

On February 1, 2020, Brightwell filed an ARP against Warden Gang, Case Manager Truitt and other parties responsible for denying him access to courts.  ECF No. 1, p. 9.  Gang dismissed the ARP on March 12, 2020.  Brightwell appealed to the Commissioner of Correction who dismissed the ARP on Mach 26, 2020.  Brightwell's appeal to the Inmate Grievance Office (IGO) was denied on July 16, 2020.  *Id*., pp. 9-10; ECF No. 1-1, p. 10.  In dismissing the appeal, the IGO found that "The Warden dismissed your complaint because you failed to be interviewed regarding your allegations.  He also noted that the case manager was unable to determine if you had a pending case that required copies."  ECF No. 1-1, p. 10.  The parties have not provided a copy of the original ARP.

In his opposition response, Brightwell attached a copy of a February 3, 2021 ARP appeal he filed to the Commissioner of Correction which notes that he did not receive a response from the Warden as to his original ARP.  ECF No. 28, p. 24.  In the appeal, Brightwell argues that the Warden did not timely respond to his ARP.  *Id.*  The ARP appeal was returned to Brightwell with a notation that he must include a copy of the original completed ARP and/or the Warden's receipt. *Id*., p. 23.  The underlying basis for this ARP appeal is not evident from the documents provided

4

by Brightwell.  He seemingly presents it to the Court for the proposition that Defendants "play games" with his ARPs.  ECF No. 28.

## Standards of Review

Defendants' Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.  A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure.  *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss."  *Bosiger*, 510 F.3d at 450.  However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d).  If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d); *see Adams Hous., LLC v. The City of Salisbury, Maryland*, 672 F. App'x. 220, 222 (4th Cir. 2016) (per curiam).  But, when the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion

5

under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015).

Because he is proceeding pro se, Brightwell's submissions are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, this Court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted.)

## Discussion

Defendants seek dismissal under Federal Rules of Civil Procedure 12(b)(6) or summary judgment under Rule 56. They argue that (1) the Eleventh Amendment bars suit against them in

their official capacity; (2) Brightwell fails to state a claim;[3] (3) there is no respondeat superior

liability under 42 U.S.C. § 1983; (4) Brightwell failed to exhaust his administrative remedies; and

(5) Defendants are entitled to qualified immunity.

## I.      Official Capacity

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and

departments are immune from citizen suits in federal court absent state consent or Congressional

action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims

against state employees acting in their official capacities are also subject to Eleventh Amendment

immunity because a suit against the state actor is tantamount to a suit against the state itself.

*Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). The State of Maryland has not waived such

immunity for claims brought pursuant to § 1983. Accordingly, Defendants are immune from suit

for actions taken in their official capacity.

## II.     Personal Participation/Respondeat Superior

As to actions by Defendants Gang, Taylor, Holmes, Sellman, and Commissioner of

Correction's in their individual capacity, Brightwell fails to allege sufficient facts against them.

These Defendants cannot be held liable simply because they each occupied a supervisory position,

as the doctrine of respondeat superior does not apply to § 1983 claims. *Trulock v. Freeh,* 275

F.3d 391, 402 (4th Cir. 2001); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).

A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's

---

[3] The Court notes that Defendants have not correctly summarized Brightwell's allegations contained in his Complaint. He specifically alleges that he asked Swan, Dunskin, and Truitt to make copies of documents he needed to pursue his Petition for Writ of Certiorari in the Maryland Court of Appeals, seeking reversal of the denial of his Motion to Reopen Post-Conviction Proceedings, and that each of these named Defendants failed to make the requested copies. Brightwell further states that as an indigent inmate he was entitled to have the copies made without payment of any cost. Lastly, he states that his Petition was dismissed by the Maryland Court of Appeals for failure to provide the requisite copies of his Petition to the Court. Thus, on the facts stated by Brightwell, he has stated a claim of denial of access to the courts. The parties do not address whether Brightwell's Petition for Writ of Certiorari was actually authorized under Maryland law.

"indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).  For a supervisor to be found liable for such acts, a plaintiff must prove that (1) the supervisor has actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the subordinate's misconduct; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.*; *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Here, Brightwell's conclusory claims against the supervisory Defendants, unsupported by specific facts, do not demonstrate any pattern of widespread abuse necessary to establish supervisory action or inaction giving rise to § 1983 liability.  *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (stating that "[g]enerally, a failure to supervise gives rise to § 1983 liability, however, only in those situations in which there is a history of widespread abuse").  Nor has he put forward any evidence that Defendants Gang, Taylor, Holmes, and Commissioner of Correction are liable pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, for unconstitutional actions taken pursuant to an official policy, custom, or practice.  436 U.S. 658, 690-91 (1978).

The Complaint does not allege any personal participation by Sellman in regard to the alleged denial of access to the courts.  Other than being named in the caption of the Complaint and receiving Brightwell's October ARP, Brightwell does not make any other allegations regarding Sellman.  He does not attribute any action or inaction to Sellman that resulted in his being denied

access to courts, nor does he allege that Sellman took any action to thwart his access to the ARP

process.  All Brightwell has alleged as to Sellman is that he signed for Brightwell's ARP.  Simply

stated, Brightwell's allegations fail to state a claim against Sellman.

Defendants Gang, Taylor, Holmes, Sellman, and the Commissioner of Correction are

entitled to summary judgment.

## II.     Exhaustion

Defendants contend that Brightwell's Complaint is subject to dismissal pursuant to the

Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, because his claims have not been

properly presented through the administrative remedy procedure.  The PLRA provides in pertinent

part that:

> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative remedies as are available are
> exhausted.

42 U.S.C. § 1997e(a).

A claim that has not been exhausted pursuant to the PLRA may not be considered by this

Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). Exhaustion requires completion of "the

administrative review process in accordance with the applicable procedural rules[.]" *Woodford v.

Ngo*, 548 U.S. 81, 88 (2006). An inmate need only exhaust "available" remedies. 42 U.S.C.

§ 1997e(a). The Supreme Court has stated that an administrative remedy is available if it is

"'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S.

1174, 136 S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).  Thus,

an inmate must complete the prison's internal appeals process, if possible, before bringing suit.

*See Chase v. Peay*, 286 F. Supp. 2d 523, 529-30 (D. Md. 2003).  Exhaustion is also required even

where the specific relief sought is not attainable through resort to the administrative remedy

procedure. *See Booth*, 532 U.S. at 741. As a prisoner, Brightwell is subject to the strict requirements of the exhaustion provisions. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (noting that no distinction is made with respect to exhaustion requirements between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).

To pursue a grievance, a prisoner confined in a Maryland prison may file a grievance with the Inmate Grievance Office ("IGO") against any DOC official or employee. Md. Code Ann., Corr. Servs. ("C.S.") § 10-206(a).  However, if the prison has a grievance procedure that is approved by the IGO, the prisoner must first follow the institutional Administrative Remedy Procedure ("ARP") process, before filing a grievance with the IGO.  *See id.* § 10-206(b).  DPSCS has made an ARP available to Maryland State prisoners for "inmate complaint resolution."  *See* generally *id.* §§ 10-201 *et seq.*; Code of Maryland Regulations ("COMAR") 12.02.28.01 *et seq* and 12.07.01.01B(1) (defining ARP).  Thus, before filing a grievance with the IGO, a prisoner is required, among other things, to make an initial request for an administrative remedy with the Warden.  *Id.* 12.07.01.04(B)(9)(a).  If an ARP is filed and denied, the prisoner may appeal the denial within 30 days to the Commissioner of Correction.  *Id.* 12.02.28.14.A(1).  If the managing official fails to provide a response within the established time frame, the prison may appeal to the Commissioner.  *Id.* 12.02.28.14.A.(2).

If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days.  C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B.  The prisoner must include in the grievance copies of the initial request or administrative remedy, the Warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a).  If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without

a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B.  An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review.  C.S. § 10-207(b)(2)(ii).

Ordinarily a prisoner must follow the required procedural steps in order to exhaust his administrative remedies.  *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he. . . . PLRA amendment made clear that exhaustion is now mandatory.").  Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford*, 548 U.S. at 88, 93.  This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).  But the Court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see also Moore,* 517 F.3d at 725.

Here, Brightwell filed a timely ARP regarding his claim that he was denied copy work in October of 2019.  ECF No. 1-1, p. 11.  He did not receive a response from the Warden nor was a case number assigned to his ARP, despite Sellman having signed for the ARP on October 28, 2019. Instead of filing an appeal to the Commissioner, as required, Brightwell abandoned the administrative process.  Subsequent documentation filed by Brightwell (ECF No. 28, p. 24) demonstrates that Brightwell was aware that without the Warden's timely response to his initial ARP he was entitled to continue the administrative process by filing an appeal to the Commissioner along with a copy of the initial ARP.  Without any explanation, Brightwell failed to do so.

In January of 2020, well after the 30 days for initiating the ARP process regarding the

denial of copy work in October 2019, Brightwell began anew the ARP process.  This time, he completed the ARP process by filing appeals all the way to the IGO.  This effort at exhaustion cannot save his claim however, as it was not proper as to the October 2019 denial of copy work because the ARP process was begun too late.

In short, nothing reflects that Brightwell fully and properly pursued administrative remedies prior to filing this complaint, nor that he was prevented from doing so.  Accordingly, Brightwell's claims against Swan, Dunskin and Truitt, are unexhausted and are dismissed.

### Conclusion

Accordingly, Defendants' Motion IS GRANTED. Summary Judgment IS GRANTED as to Defendants Gang, Taylor, Holmes, Sellman, and Commissioner of Correction. Brightwell's Complaint IS DISMISSED for failure to exhaust administrative remedies as to Defendants Swan, Dunskin, and Truitt.[4]

A separate Order follows.


December 1, 2021                       /s/
Date                                 RICHARD D. BENNETT
                                 UNITED STATES DISTRICT JUDGE

---

[4] In light of the Court's ruling, an analysis of the Defendants' remaining arguments, including their defense of qualified immunity is not necessary.